UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DIANE DALMY,<br>*Defendant*. | No. 3:18-cr-21 (JAM) |

**ORDER GRANTING GOVERNMENT'S MOTION FOR RESENTENCING**

The Government has moved for resentencing of defendant Diane Dalmy on the ground that she willfully failed to pay restitution. The Court will grant the Government's motion.

### BACKGROUND

Dalmy was a securities law attorney based in Colorado. For several years from 2009 to 2016, she conspired with others to defraud penny stock investors. Dalmy traded on her position as an attorney to help make the fraud succeed by writing fraudulent legal opinion letters or letting one of her co-conspirators do so in her name. Dalmy also used her attorney trust fund account to launder proceeds from the fraudulent scheme on behalf of her co-conspirators. Doc. #4 at 11-12; Doc. #16 at 1-17.

On February 6, 2018, Dalmy pleaded guilty to a charge of conspiracy to engage in wire fraud. Doc. #3. She agreed in her plea agreement to be subject to a restitution order. Doc. #4 at 2. She also agreed that "[r]estitution is payable immediately unless otherwise ordered by the Court." *Id*. When the Court accepted her plea, she was told that restitution would be mandatory and that the Government might seek restitution of more than $10 million. Doc. #10 at 15, 21.

At the conclusion of the plea proceeding, the Court emphasized the importance to Dalmy of her promptly making restitution payments in advance of sentencing. Doc. #10 at 37. The

1

Court told her that "[r]estitution is an important concern in my mind, especially with victims who have lost, it seems to me, quite a bit of money in the overall scheme." *Ibid.* She replied: "Absolutely." *Ibid.* The Court added that "I really expect by the time of sentencing that there's either actually a beginning of payment, of sacrifices of restitution being made, o[r] being set aside, or an extremely clear payment plan" and that "[w]ords don't mean as much to me, I have to say, when we have people who have lost money and through an investment scheme." *Ibid.*

Prior to sentencing, Dalmy completed a sworn financial affidavit. Doc. #13-4. In response to a query on the affidavit whether she had any "cash on hand," Dalmy said, "None." *Id.* at 5.

On May 15, 2018, Dalmy appeared before the Court for sentencing. During the sentencing hearing, she claimed to take "full responsibility for the actions I took" while also claiming that she "had no idea of the impact on investors." Doc. #23 at 44-45. She added that she "intend[ed] to write each and every one of these investors a letter, a card, saying I am so sorry, and *then do whatever I can to make restitution* and to make their lives whole, because I understand that some lives have been drastically impacted by this." *Id.* at 45 (emphasis added).

The Court sentenced Dalmy principally to a term of 3 years of imprisonment, to be followed by 3 years of supervised release. *Id.* at 86-87. The Court also ordered Dalmy to pay restitution of $2 million. *Id.* at 87. This amount was significantly less than the actual financial loss attributable to Dalmy's fraudulent scheme (about $10.7 million) and significantly less than the amount of restitution requested by the Government (about $3.3 million). Doc. #16 at 17-21.

As to the timing for payment of restitution, the Court stated at the sentencing hearing that the "amount of restitution is due and payable immediately." Doc. #23 at 87. In addition, as part of her conditions of supervised release that would begin *after* service of her term of

2

imprisonment, the Court required that Dalmy pay restitution in the amount of $500 per month or 10 percent of her gross income, whichever amount was higher. *Id.* at 88.

Following the sentencing hearing, the Court entered a judgment order including $2 million in restitution:

> **Restitution:** $2,000,000.00 to be joint and several with respect to the related defendants. See special conditions of supervised release as to restitution. Restitution order to follow.

Doc. #21 at 2.

The judgment order further specified the terms of Dalmy's supervised release following her imprisonment, including among other conditions her obligations during her period of supervised release to pay restitution:

> The defendant shall pay any restitution that is imposed by this judgment, [jointly and severally with defendants in related cases], in a lump sum immediately. If the defendant is unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of not less than $500 per month or 10% of the defendant's gross monthly income, whichever is greater. The monthly payment scheduled may be adjusted based on the defendant's ability to pay as determined by the probation officer and approved by the Court.

*Id.* at 1.

The Court also entered a separate restitution order. Under the heading "Time and Method of Payment," the restitution order provided that "[t]he total amount of restitution is due and payable immediately pursuant to 18 U.S.C. § 3572(d)(1)" and "upon entry of this judgment." Doc. #22 at 3. It further provided that "[a]ny amount not paid immediately will be paid: . . . as specified by the Court: in installments of not less than $500 per month, or 10% of the defendant's gross monthly income, whichever is greater, payable on the 1st of each month." *Ibid.*

Soon after sentencing, the Government learned that Dalmy was hiding away money. Dalmy told a friend of hers (who in turn reported the information to the Government) that she had about $60,000 in cash in a cedar chest at her home and that she did not want the Court to find out about the money. Doc. #33 at 4. After the friend declined Dalmy's request to store the money, Dalmy told the friend that she would keep the money in her chest and put the chest in a storage unit. *Id.* at 5. During the course of a secretly recorded conversation with the friend on July 13, 2018, Dalmy said that it was "a small amount of money that I've saved up, that you know, is my little cushion." *Id.* at 6. She said she would use the money "for a rainy day, which will be when I'm out and trying to figure out my life." *Ibid.*

Three days later, Dalmy self-surrendered on July 16, 2018, to begin her prison term, and the Government promptly obtained a search warrant for Dalmy's storage unit. *Id.* at 7. The Government recovered approximately $47,000 from a cedar chest in the storage unit. *Ibid.*

The Government has now moved for resentencing. Doc. #33. On September 5, 2018, the Court conducted a hearing on the Government's motion and requested supplemental briefing. Doc. #39. This ruling follows.

## DISCUSSION

The Court has authority to order a criminal defendant to pay restitution. *See* 18 U.S.C. §§ 3663, 3663A. Restitution is delinquent if a payment is more than 30 days late. *See* 18 U.S.C. § 3572(h). "[I]f a defendant knowingly fails to pay a delinquent fine or restitution the court may resentence the defendant to any sentence which might originally have been imposed." 18 U.S.C. § 3614(a). A defendant "may be sentenced to a term of imprisonment" for failure to pay restitution if "the defendant willfully refused" to do so. 18 U.S.C. § 3614(b)(1); *see also United States v. Henricks*, 658 F. App'x. 813, 815-17 (7th Cir. 2016) (affirming resentencing of

imprisoned defendant to additional imprisonment because of willful failure to pay restitution, based on evidence that defendant "and his wife worked together to conceal or shelter assets and use funds for their own purposes that should have been paid to his victims").

It is apparent that Dalmy willfully failed to pay restitution. Rather than turn over tens of thousands of dollars of cash to her victims, she squirreled the money away for a "rainy day" to use after her she finished her term of imprisonment. This was clearly contrary to the obligation to pay restitution immediately upon entry of judgment. The circumstances of her conversations with her friend as well as her failure to disclose the cash in her financial affidavit amply establish that Dalmy acted with knowledge and willful intent to evade her restitution obligations.

Dalmy argues that she did not know of her obligation to make immediate restitution payments and that she "reasonably believed that monthly restitution payments would commence upon her release from prison." Doc. #40 at 2. The Court does not agree. Dalmy was told at sentencing that restitution was due and payable immediately. Doc. #23 at 87. This was repeated in writing in the Court's restitution order. Doc. #22 at 3.

Although the Court (and everyone else) anticipated that Dalmy would not be able to pay the entire amount of restitution prior to serving her 3-year-term of imprisonment and set forth a schedule for monthly restitution payments during the term of her supervised release, this schedule was set to go into effect *only upon the commencement of her supervised release period*. The portion of the judgment order that sets forth a restitution payment schedule appeared under the heading "SUPERVISED RELEASE" and was the portion of the judgment order that addressed only the special conditions of her supervised release. Doc. #21 at 1. Especially in light of her legal training and background as a business lawyer, Dalmy could not have reasonably believed that she had no immediate obligation to pay restitution and that she was free to ignore

her obligation to pay victims until she began her term of supervised release. If she had entertained such a belief, there would have been no reason for her not to disclose her cash on her financial statement and to try to hide it all away while she served her term of imprisonment.

## CONCLUSION

The Court GRANTS the Government's motion for resentencing on the basis of its conclusion that defendant Diane Dalmy knowingly and willfully failed to pay restitution. The Court shall conduct a resentencing hearing at 10:00AM on November 30, 2018. The parties may file any supplemental sentencing memoranda by November 27, 2018.

It is so ordered.

Dated at New Haven this 6th day of November 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge