# UNITED STATES DISTRICT COURT

## District of Connecticut

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NO.:  3:18-cr-00021-JAM-1 |
| | USM NO: 25737-014 |
| **Diane Dalmy** | |
| | **Avi Perry** |
| | Assistant United States Attorney |
| | **Robert M. Casale** |
| | Defendant's Attorney |

**THE DEFENDANT:**  pled guilty to count(s) 1 of the Information.

Accordingly, the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Offense Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. § 371, 18 U.S.C. § 1343 | Conspiracy to commit wire fraud | July 2016 | 1 |

The following sentence upon resentencing after defendant willfully failed to pay restitution is imposed pursuant to the Sentencing Reform Act of 1984.

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 60 months on count 1.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 3 years on count 1.  The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed:

 (1) The defendant shall pay restitution that is imposed by this judgment in accordance with the Court's restitution order and payable in a lump sum immediately. During the term of supervised release, defendant shall pay at a rate of not less than $500 per month or 10% of the defendant's gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the probation officer and approved by the Court.

(2)The defendant must not incur new credit card charges above $500 or open additional lines of credit without the approval of the probation officer. The defendant must not add any new names to any lines of credit and must not be added as a secondary card holder on another's line of credit.

(3)The defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information. The United States Probation Office may share financial information with the U.S. Attorney's Office.

(4) The defendant must participate in a program recommended by the United States Probation Office and approved by the Court for mental health treatment. The defendant must follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court.

 Revised 2/27/18

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

| | |
|---|---|
| **Special Assessment:** | $100.00 on count 1 to be paid immediately. |
| **Fine:** | $ |
| **Restitution:** | $ 2,000,000.00 to be joint and several with the respect to the related defendants. See restitution order and special conditions of supervised release as to restitution. |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.
The following counts have been dismissed:

**JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS**

The Court makes no recommendation concerning facility of designation but recommends against the defendant's participation in a residential drug abuse treatment program because there is no factual basis and because of the Court's concern about the defendant's efforts to falsely qualify for this program.

December 7, 2018
_____
Date of Imposition of Sentence

/s/   Jeffrey A. Meyer
_____
United States District Judge
Date:  December 10, 2018

                                                                              Revised 2/27/18

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1)  You must not commit another federal, state or local crime.

(2)  You must not unlawfully possess a controlled substance.

(3)  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4)  ■ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

(5)  ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(6)  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(7)  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1)  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2)  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3)  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4)  You must answer truthfully the questions asked by your probation officer.

(5)  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6)  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

(7)  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(8)  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9)  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10)  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11)  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(12)  You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____

       Defendant                                                Date

_____     _____

       U.S. Probation Officer/Designated Witness            Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____

     Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

_____

                              Brian Taylor

                 Acting United States Marshal

By  _____

                               Deputy Marshal