UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

DIANE DALMY,
    *Defendant*.

No. 3:18-cr-00021 (JAM)

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

Diane Dalmy is a prisoner of the Federal Bureau of Prisons ("BOP"). In light of the rapidly spreading coronavirus ("COVID-19"), she moves under 18 U.S.C. § 3582(c)(1)(A) for a reduction of her sentence of imprisonment to allow for her release. I will deny the motion.

## BACKGROUND

On December 7, 2018, I re-sentenced Dalmy principally to a term of five years of imprisonment following her guilty plea to a charge of conspiracy to commit wire fraud and her later effort to hide money so that she could avoid paying restitution. She began serving her sentence two years ago in July 2018, and she is scheduled to complete her term of imprisonment about 27 months from now in October 2022.

Dalmy is 66 years old. She has previously been treated in October 2019 for the removal of basal cell carcinomas but there is no evidence that she currently suffers from growing cancer or is receiving ongoing cancer treatment. Nor is there any evidence that Dalmy has received any treatment for cancer (such as chemotherapy) that has compromised her immune system. Dalmy also states that she has arthritis in her knees and has endometrial hyperplasia, but Dalmy does not describe how these conditions make her more vulnerable to COVID-19.

Dalmy is serving her sentence at the minimum security camp at FCI Phoenix in Arizona. According to the BOP's website, FCI Phoenix has about 1,075 inmates.[1] The BOP states that 180 inmates have been tested for COVID-19 at FCI Phoenix, and none of them have tested positive.[2] The BOP has instituted extensive procedures to reduce any likelihood of an outbreak of COVID-19 at FCI Phoenix. *See* Doc. #59 at 10-11.

Dalmy has filed a *pro se* motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), and her counsel has filed a supplemental memorandum in support. Docs. #55, 64. The Government has filed an opposition memorandum. Doc. #59. The parties do not dispute that Dalmy has properly exhausted the administrative procedures required before the filing of this motion.

### DISCUSSION

I will first review the statutory and regulatory framework that governs motions under 18 U.S.C. § 3582(c)(1)(A). Then I will address how these factors apply to this case.

*Statutory and regulatory framework*

Federal law allows a court to grant a "compassionate release" motion to reduce a federal prisoner's sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Previously it was only the BOP that could file this kind of motion, but amidst widespread complaints about the failure of the BOP to file motions on prisoners' behalf, Congress amended the law with the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), to allow prisoners the right to file their own motions for a sentence reduction if they first exhaust the

---

[1] *See* Federal Bureau of Prisons, *FCI Phoenix*, available at https://www.bop.gov/locations/institutions/phx (last accessed July 1, 2020).
[2] *See* Federal Bureau of Prisons, *COVID-19 Coronavirus, COVID-19 Inmate Test Information*, available at https://www.bop.gov/coronavirus (last accessed July 1, 2020).

statute's procedures for initially making a request to the warden. *See United States v. Hill*, 2020 WL 2542725, at *1 (D. Conn. 2020).

Provided that a prisoner has satisfied the statute's exhaustion requirement, section 3582(c)(1)(A) establishes several criteria for a court to consider when deciding whether to grant the motion for a sentence reduction. First of all, there has to be no less than "extraordinary and compelling reasons" to warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).[3] The statute does not further define this term but it instructs courts to consider whether a sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Ibid.* Congress has separately directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples," while also advising that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

In accordance with this instruction from Congress, the Sentencing Commission has issued a policy statement in the U.S. Sentencing Guidelines that sets forth criteria for what constitute "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13 cmt. n.1 (2018). The commentary provides, for example, that "extraordinary and compelling reasons" exist if the defendant "is suffering from a terminal illness" or if the defendant otherwise has a serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Ibid.* cmt. n.1(A). The commentary further provides for a catch-all "Other Reasons" that "[a]s

---

[3] As an alternative to the existence of such "extraordinary and compelling reasons," section 3582(c)(1)(A) allows for motions to be filed by the BOP on behalf of prisoners who are at least 70 years old and have served at least 30 years in prison. 18 U.S.C. § 3582(c)(1)(A)(ii). This alternative is not at issue in this case.

determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Ibid.* cmt. n.1(D).

As numerous courts have recognized, the Sentencing Guidelines have not yet been revised to bring them into conformity with the First Step Act's authorization for defendants to bring their own motions after exhausting administrative procedures. Therefore, to the extent that the Guidelines commentary purports to vest authority solely with the BOP to make a determination of "Other Reasons," this delegation is no longer exclusive; courts also have independent authority to decide whether there are "Other Reasons" that amount to "extraordinary and compelling reasons" to grant a motion for sentence reduction. *See Hill*, 2020 WL 2542725, at *1 (citing cases).

Beyond a court's determination as to whether there exists "extraordinary and compelling reasons" for a sentence reduction, a court must also "consider[] the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Therefore, a court must examine the same factors it did when it initially sentenced the defendant, including the nature and circumstances of the crime, the defendant's history and characteristics, and the multiple purposes of sentencing, such as providing just punishment, deterring crime, protecting the public from further crimes by the defendant, and providing the defendant with rehabilitation. *See* 18 U.S.C. § 3553(a). In addition, a court must determine that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

*Factors applying to Dalmy*

I first address whether Dalmy has shown "extraordinary and compelling" reasons that could warrant a sentence reduction. There is no doubt that the COVID-19 pandemic is extraordinary, having killed more than one hundred thousand people in the United States in recent months. But Dalmy fails to show that she is at appreciable risk of contracting COVID-19, much less that she is particularly vulnerable to the virus's most lethal effects. There have been no reported cases of COVID-19 at FCI Phoenix. Apart from Dalmy's advanced age, she has not shown that her medical conditions render her particularly susceptible to COVID-19. Dalmy has not shown that the risk she faces from COVID-19 constitutes extraordinary and compelling reasons to release her now from imprisonment.

I have also considered all of the sentencing factors under 18 U.S.C. § 3553. Dalmy is a former attorney who played a significant facilitating role in a massive fraud scheme. Many of her victims have voiced their objection to her early release. Even after she was sentenced for the first time, she demonstrated her selfishness and contempt for the law by squirreling away about $47,000 in cash that she did not report on her disclosure forms and that she hoped to avoid paying her victims. And she tried to game the BOP by hiring a consultant to give her advice about how to fake substance abuse symptoms so that she could fraudulently qualify for the BOP's residential drug abuse program and receive a reduced sentence.

I have considered all of the sentencing factors and conclude in light of Dalmy's record and character that the purposes of sentencing would not be served if Dalmy were released at this time with more than half of her sentence remaining to be served. Moreover, in view of Dalmy's

5

pervasive dishonesty and lack of genuine remorse, I am not convinced that she would not revert to perpetrating another scam or fraud if she were released early from imprisonment.[4]

## CONCLUSION

For the reasons set forth above and in the Government's opposition memorandum, the motion of defendant Diane Dalmy for a reduction in sentence (Doc. #55) is DENIED.

It is so ordered.

Dated at New Haven this 1st day of July 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[4] Dalmy's dishonesty continues even in her *pro se* motion with a false claim that she is a physician. Doc. #55 at 2 (stating in part that "Ms. Dalmy most importantly has cancer, which has now recurred, a fact well known to the prison staff and doctors and *as a physician herself*, Diane is well aware that if her current recurrence is not treated she faces a significant chance of death . . . .") (emphasis added).